IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MICHAEL WAYNE PARRISH, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:13-CV-005 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION
## TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS

Came for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner MICHAEL WAYNE PARRISH. By his habeas application, petitioner challenges his May 26, 2011 conviction, pursuant to a guilty plea, and the four (4)-year sentence assessed, for the offense of assault on a public servant out of the 181st Judicial District Court of Randall County, Texas.

I.

PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States for the following reasons:

1. His conviction was the result of entrapment;

2. His conviction was based upon insufficient evidence;

3. He was denied effective assistance of counsel because counsel:

    A. Failed to properly investigate and obtain witness statements;

      B.      Failed to prepare a defense; and
      C.      Improperly advised petitioner to plead guilty;

4. He was denied due process when the trial court failed to rule on his discovery motion;

5. He was denied effective assistance of appellate counsel; and

6. The arresting officer used excessive force against him.

As a preliminary matter, on April 1, 2013, petitioner filed with the Clerk a letter indicating his address had been changed to a residence at 7303 Dreyfuss, Amarillo, Texas. Thus it appears petitioner PARRISH was released from confinement on this charge shortly after he initiated this case.

## II.

## TIME BAR

On April 5, 2013, respondent filed a preliminary response to petitioner's federal habeas application asserting the application should be dismissed as time barred. In that response, respondent fully and accurately briefed statutory and case law regarding the statute of limitations in federal habeas corpus cases, as well as the application of statutory and equitable tolling of the limitation period in federal habeas corpus proceedings. Respondent also fully and accurately set forth relevant dates in this case, and analyzed the timeliness of petitioner's habeas application. As of this date, petitioner has not filed a reply to respondent's initial response.

The undersigned makes the following findings:

1. Petitioner's judgment of conviction was entered **May 26, 2011**;

2. Petitioner filed a direct appeal of his conviction which was dismissed by the Seventh Court of Appeals of Texas on **July 26, 2011** based upon the trial court's certification that petitioner waived his right to appeal. Petitioner's did not file a petition for discretionary review and his conviction became final on **August**

**25, 2011**, when his time to do so expired.

3. Petitioner's federal habeas corpus petition was thus due on or before **August 25, 2012**, unless statutorily or equitably tolled.

4. Petitioner's first state habeas application was filed on **June 22, 2012** and denied without written order on **October 24, 2012**, thus tolling the federal limitation period for 124 days.

5. Petitioner has not shown he was actively misled by the State, or that he diligently pursued federal habeas corpus relief. Petitioner has not demonstrated he is entitled to equitable tolling of the limitation period.

6. Petitioner's claims do not concern a constitutional right recognized by the United States Supreme Court within the last year and made retroactive to cases on collateral review.

7. The record does not reflect any unconstitutional "State action" impeded petitioner from filing for federal habeas corpus relief prior to the end of the limitation period.

8. Petitioner's claims are not of such a nature that petitioner was unable to exercise due diligence and discover the claims at an earlier date.

9. Petitioner's federal habeas corpus application, treated as filed on **January 4, 2013** when it was placed in the prison mailing system, was filed after the expiration of the federal statute of limitations, which ran on December 27, 2012, and is time barred.

10. Petitioner has not asserted he is actually innocent of committing the offense of which he was convicted, nor has he demonstrated actual innocence, as a basis for overcoming the federal limitations bar.

Therefore, for the reasons set forth by respondent and based on the above findings of the court, it is the opinion of the undersigned United States Magistrate Judge that petitioner's application for a writ of habeas corpus be DISMISSED as time-barred.

III.

RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by

petitioner MICHAEL WAYNE PARRISH be DISMISSED as time barred.

IV.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this   10th   day of December 2015.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).